NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3173

JANET I. WOLFBAUER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Janet I. Wolfbauer, of Toledo, Ohio, pro se.

A. Bondurant Eley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3173

JANET I. WOLFBAUER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0731070506-I-1.

_____

DECIDED:  July 10, 2008

_____

Before LINN, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Janet I. Wolfbauer ("Wolfbauer") seeks review of a final decision of the Merit Systems Protection Board ("Board") affirming a decision of the Office of Personnel Management ("OPM") removing her from employment with the Department of the Air Force ("Air Force").  <u>Wolfbauer v. Office of Pers. Mgmt.</u>, CH0731070506-I-1 (M.S.P.B. Oct. 10, 2007) ("<u>Initial Decision</u>"), <u>review denied</u>, <u>Wolfbauer v. Office of Pers. Mgmt.</u>, CH0731070506-I-1 (M.S.P.B. Jan. 17, 2008).  Because the Board's decision is supported by substantial evidence, and because we otherwise discern no basis on which to overturn the decision, we <u>affirm</u>.

Wolfbauer began working for the Air Force in September 2005 and shortly thereafter completed a "Declaration for Federal Employment" ("Declaration"), which she signed and dated October 24, 2005. Upon conducting a background investigation, OPM concluded that Wolfbauer gave a false answer to question 12 of the Declaration. Question 12 states:

> During the last 5 years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal agency?

In response to this question, Wolfbauer checked a box labeled "NO." OPM claimed that this answer was false because Wolfbauer had in fact been discharged by four employers in the preceding five years. Consequently, OPM found Wolfbauer unsuitable for employment and directed the Air Force to remove her from employment in June 2007. Wolfbauer maintained that she had not answered question 12 falsely and appealed to the Board, which affirmed OPM's negative suitability decision. She now appeals the Board's decision to our court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

On appeal, Wolfbauer contends that the Declaration was ambiguous because it was a "Declaration for Federal Employment." She contends that because she had never previously worked for the federal government, "in [her] mind, the answer was no . . . to all [of the questions] on that page." She also makes several arguments related to the course of proceedings before the Board. We find these arguments to be unpersuasive.

"This court's scope of review of [Board] decisions is defined and limited by statute. The agency's action in this case must be affirmed unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984) (citing 5 U.S.C. § 7703(c)).

In this case, substantial evidence supports the Board's determination that "[Wolfbauer's] written response to the notice of proposed removal contains numerous admissions supporting the falsification charge." Initial Decision at 3. Wolfbauer's own written submissions admit, for example, that she was "let go" from one previous position, and that it was "mutual on both parts" based on her agreement that she was not "getting the whole of th[e] job." With respect to another prior position, she stated that she was "dismissed with the excuse that I was not doing a good enough job." Wolfbauer does not challenge these or other similar representations in the record, which directly contradict her answer to question 12.

While Wolfbauer characterizes the Declaration as ambiguous, question 12 specifically requests information related not only to discharges from "Federal employment," but also to discharges from "any job." We discern no ambiguity in question 12 and thus affirm the Board's determination that Wolfbauer supplied incorrect information without any credible explanation. See Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986) (noting that credibility determinations are "virtually unreviewable"). Accordingly, the Board did not err in sustaining OPM's negative suitability decision. See, e.g., Kumferman v. Dep't of the Navy, 785 F.2d 286, 291 (Fed.

Cir. 1986) (noting that falsification has been "viewed in the past as sufficiently serious to warrant removal").

We have considered Wolfbauer's remaining arguments and find them unpersuasive. The decision of the Board is <u>affirmed</u>.